**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0418-18T3

TERESA EDELGLASS,

    Plaintiff-Appellant,

v.

MICHAEL POGORZHELSKY
d/b/a GLOBAL CONCRETE
LIFTING,

    Defendant-Respondent.

_____

        Submitted January 21, 2020 – Decided April 13, 2020

        Before Judges Sumners and Geiger.

        On appeal from the Superior Court of New Jersey, Law
        Division, Ocean County, Docket No. SC-000801-18.

        Teresa Edelglass, appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

    Plaintiff Teresa Edelglass appeals Special Civil Part orders dismissing her

small claims compliant against defendant Michael Pogorzhelsky d/b/a Global

Concrete Lifting following a bench trial and denying her motion for reconsideration.[1] After a thorough review of the record, we vacate the orders and remand the matter for the trial court to make factual findings and legal conclusions to support its rulings.

For purposes of this opinion we need only provide a brief summary of the trial and post-trial proceedings. Plaintiff contacted defendant Michael Pogorzhelsky d/b/a Global Concrete Lifting to remedy a sinking pool patio at her home. After defendant inspected the patio and proposed a solution, the parties entered into a terse one-page written agreement reciting plaintiff would

---

[1] Plaintiff's notice of appeal seeks review only of the trial court's July 27, 2018 order dismissing her complaint with prejudice following a bench trial, not the court's September 5, 2018 order denying summary judgment. We could, therefore, limit our review to the July order alone. See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008) ("It is clear that it is only the orders designated in the notice of appeal that are subject to the appeal process and review."); Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 461-62 (App. Div. 2002) (reviewing only denial of the plaintiff's motion for reconsideration and refusing to review the original grant of summary judgment because that order was not designated in the notice of appeal). We choose to overlook that technical error and consider the merits of plaintiff's appeal of the reconsideration order because "the substantive issues in the case and the basis for the . . . judge's ruling [at trial] and [the] reconsideration motion[] [were] the same." Id. at 461.

pay defendant $1400 plus $98 in taxes and he would "[l]ift/mud jack, fill void under [concrete] slabs on the pool patio at the half of perimeter of pool."

Upon completion of the one-day job performed in the rain, defendant asked plaintiff to assess the work. According to plaintiff, she complained that a portion of the patio did not seem to be corrected to which defendant replied he would fix it another day even though the area was not part of the job. Despite concerns over the uncorrected problem, plaintiff gave defendant a personal check for $1498 covering the full contract price.

After defendant left, plaintiff claims she made a more thorough inspection which showed: most of the patio had not been lifted; the patio, patio gate and patio furniture were scratched; the patio was badly chipped by insertion holes; landscape rocks were missing; her lawn had a huge deep divot caused when defendant's truck got stuck due to the rain; branches of a shrub were broken; and a trip hazard was created due to an uneven joint in the patio.

Plaintiff contends that despite texts and e-mails to defendant thereafter, she was unable to get him to fix his deficient work or get a one-half refund of her payment that she proposed to resolve her concerns. Thus, she sought relief by filing a small claims complaint against defendant to get a full refund of the amount she paid. Her complaint did not seek to recover any alleged damage to

3

her property, nor did it allege a violation of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, after her investigation determined defendant was not a licensed contractor in New Jersey.

During trial, plaintiff presented photos and a video she contended depicted the damage done by defendant and his poor workmanship. However, the exhibits, which were apparently admitted into evidence, were not marked for identification as required by Rule 1:2-3.

Defendant testified he performed quality work as evidenced by the fact that after the work was done, he did a walk through with plaintiff, and she paid him in full. He also asserted he and his company are registered contractors, but no license was required for the work he performed.

After reserving decision, the court entered an order the next day dismissing plaintiff's complaint with prejudice. Below the court's signature at the end of the order is typed "WRITTEN DECISION RENDERED," however, there is no such decision in the record provided.[2] In its order of dismissal, the

---

[2] In fact, other than the statement on the order there is nothing in the record referencing a written decision by the court. Neither the court's comments at the trial's conclusion nor its reconsideration order indicate a written decision being issued regarding the bench trial.

court stated what appears to be its reasoning for dismissing plaintiff's complaint. The order provides:

> In determining what should be awarded to the [p]laintiff, the [c]ourt must look at what was proven by a preponderance of the evidence and whether there is a sufficient legal basis for the relief sought. After listening to the testimony given at trial, reviewing the exhibits,[3] and all papers presented in the case, the [c]ourt makes the following findings. The [c]ourt finds that [p]laintiff has not proven her case by a preponderance of the evidence. Here, it was clear that the contractor performed work and [p]laintiff paid for the work performed. Although, [p]laintiff maintains there was damage caused to her patio and/or property in the course of the work, the [c]ourt is not persuaded. Moreover, the [c]ourt finds that [d]efendant was reasonable under the circumstances. For these reasons, the [c]ourt finds that [p]laintiff has not proven her case by a preponderance of the evidence.

Plaintiff thereafter filed a timely motion for reconsideration arguing the court did not consider credible evidence; including a video taken by plaintiff allegedly depicting the poor workmanship performed by defendant. Plaintiff's moving papers argued the video was not presented because the court did not request to view it.

---

[3] As noted above, none of plaintiff's exhibits were marked for identification, thus it is not clear what exhibits were being referenced.

Plaintiff's merits brief indicates there was oral argument for the motion, however, no transcript of the argument has been provided, nor does the order entered on the motion's return date denying relief indicate oral argument occurred. In fact, the order's recitation, "[a]fter reviewing the [p]laintiff's motion for reconsideration, the [C]ourt hereby denies the motion[,]" suggests there was no argument. Again, the court did not render a written or oral decision, but the order stated plaintiff failed to satisfy the standard for granting a reconsideration motion as set forth in Rule 4:49-2 and D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990) and "all evidence presented was properly considered . . . . judgment entered against [p]laintiff for failing to prove her case by a preponderance of the evidence."

On appeal, plaintiff contends the court failed to consider the probative, competent evidence she submitted, as well as the video that was not viewed, at trial and in deciding her reconsideration motion. On the record before us it is unclear on what basis the court made its rulings.

Initially, we recognize it is well-established that "[f]inal determinations made by the trial court sitting in a non-jury case are subject to a limited . . . scope of review . . . ." D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citations omitted). "[F]indings by the trial court are binding on appeal when

supported by adequate, substantial, credible evidence. Deference is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Ibid. (alteration in original) (quoting In re Tr. Created By Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008)). We review the trial court's interpretation of law de novo. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

In rendering a bench trial decision, Rule 1:7-4(a) requires the court must in "an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law[.]" To comply, the court must articulate factual findings and correlate them with the principles of law. Curtis v. Finneran, 83 N.J. 563, 570 (1980). When that is not done, this court's review is impeded, and a remand is necessary. Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310

(App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)).

The trial court here did not adequately explain its reasons for dismissing plaintiff's complaint with prejudice and why it did not view, as the record suggests, plaintiff's video. The court, without specifically indicating its credibility assessment of the parties' testimony or the significance of any testimony and exhibits, merely made conclusory statements that plaintiff failed to prove her case by a preponderance of the evidence and that defendant performed his work. Our ability to resolve an appeal is largely dependent upon the trial court's compliance with its obligation to state findings of fact and conclusions of law as required by Rule 1:7-4(a). Hence, we are constrained to vacate the court's two orders and remand the case to the trial court to make findings of fact and conclusions of law consistent with this opinion and Rule 1:7–4(a).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0418-18T3